1 | Mathew K. Higbee, Esq., SBN 241380
  | Ryan E. Carreon, Esq. SBN 311668
2 | **HIGBEE & ASSOCIATES**
  | 1504 Brookhollow Dr., Suite 112
3 | Santa Ana, CA 92705
  | (714) 617-8336
4 | (714) 597-6559 facsimile
  | Email: mhigbee@higbeeassociates.com
5 | rcarreon@higbeeassociates.com

6 | *Attorney for Defendants and Counterclaim Plaintiffs*
  | HOWARD SCHATZ and BEVERLY ORNSTEIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| AMERICAN SOCIETY OF CINEMATOGRAPHERS, a California corporation, | Case 2:20-cv-08607-ODW-JC |
|---|---|
| Plaintiff, | **DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |
| v. | |
| HOWARD SCHATZ and BEVERLY ORNSTEIN, | |
| Defendants. | |

# ANSWER

Defendants Howard Schatz and Beverly Ornstein ("Defendants"), by and through its undersigned counsel, and for its response to the claims brought against it by American Society of Cinematographers ("Plaintiff") states as follows:

## JURISDICTION AND VENUE

1. Defendants admit that this Court has subject matter jurisdiction under the statutes alleged[1].

2. Denied.

3. Denied.

## THE PARTIES

4. Admitted.

5. Admitted.

## FACTUAL BACKGROUND

### The ASC

6. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraphs and on that basis denies them.

### The Pilobolus Review

7. Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraphs and on that basis denies them.

8. Defendants admit that that the article referred to in the Complaint as the "Pilobolus Review" and attached as Exhibit A was posted on the ASC's Internet website by a member of the ASC. Defendants state that the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

/ / /

---

[1] Each paragraph of this Answer corresponds to the same numbered paragraph in Plaintiff's Complaint. The headings in this Answer also mirror the headings used in Plaintiff's Complaint and are reproduced for convenience, but do not constitute and admission of any kind by Defendants.

### Defendants' Copyright Infringement Claim

9. Defendants admit that Higbee & Associates is a California law firm and deny the remaining allegations in this paragraph.

10. Defendants admit that Higbee & Associates sent a letter to Plaintiff dated August 3, 2020. Defendants state that the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

11. Defendants admit than an email dated August 20, 2020 was sent by Higbee & Associates to Plaintiff. Defendants state that the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

### The Parties' Dispute

12. Defendants admit that correspondence from the ASC dated August 25, 2020 was sent to Higbee & Associates. Defendants state that the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

13. Defendants admit that Higbee & Associates sent correspondence dated August 28, 2020. Defendants state that the document speaks for itself. To the extent a further response is required, Defendants deny the remaining allegations in this paragraph.

14. Denied.

### FIRST CLAIM FOR RELIEF
### (For Declaratory Relief)
### (Against Defendants)

15. Defendants refer to and re-alleges each and every allegation contained in paragraphs 1 through 14, inclusive, above, as if set forth herein.

16. Denied

17. Denied

## PRAYER

Defendants deny that Plaintiff is entitled to and should be awarded any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim for declaratory relief fails because there is no actual case or controversy between the parties.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim of fair use fails because Plaintiff's actions as alleged in the Complaint constitute copyright infringement.

## RELIEF REQUESTED

Wherefore, Defendants pray for judgment as follows:

1. For an order stating that Plaintiff is entitled to nothing from Defendants;

2. For an order dismissing Plaintiff's complaint with prejudice;

3. For an order pursuant to 17 U.S.C. § 502(a) enjoining Plaintiff from any infringing use of any of Defendants' copyrighted works;

4. For costs of suit herein, including attorneys' fees, where available; and

5. For such further relief as the Court may deem just and proper.

DATED: November 20, 2020                    Respectfully submitted,

/s/ *Mathew K. Higbee*
Mathew K. Higbee, Esq.,
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com

## COUNTERCLAIM

Counterclaim Plaintiffs Howard Schatz ("Schatz") and Beverly Ornstein ("Ornstein") (collectively "Counterclaim Plaintiffs") by and through its undersigned counsel, hereby bring the following Counterclaim for copyright infringement against Counterclaim Defendant American Society of Cinematographers ("ASC" or "Counterclaim Defendant") and DOES 1 through 10, inclusive as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Counterclaim Plaintiffs' claim for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant conducts business and resides within this judicial district, Counterclaim Defendant's acts of infringement complained of herein occurred in this judicial district, and Counterclaim Defendant caused injury to Counterclaim Plaintiffs within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because Counterclaim Defendant resides and has a regular and established place of business in this judicial district.

## PARTIES

5. Counterclaim Plaintiffs Howard Schatz and Beverly Ornstein are individuals residing in New York.

6. Counterclaim Defendant American Society of Cinematographers is a

California corporation based in Los Angeles, California.

7. Counterclaim Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained.

## FACTUAL ALLEGATIONS

### *Howard Schatz Is An Acclaimed Photographer*

8. Howard Schatz is an internationally renowned professional photographer. His photography work provides a detailed study in the structure and the physique of the human form, illustrating the body's shape, power, beauty, and motion.

9. Schatz' photography has been published in leading magazines, including *Sports Illustrated, Time, GQ Italia, and Vogue*. He has also done photography work for major corporations such as Escada, Virgin Records, Nike, Adidas, Sony, MGM, and Mercedes Benz.

10. Schatz' work has also received critical acclaim. For example, in 2020 Schatz' "SHAPE OF THE NFL" series won first prize at the International Photography Awards. *See* https://bit.ly/38Utavy.

11. Schatz and his wife Beverly Ornstein currently operate Schatz/Ornstein Studio.

12. In 1996, Schatz photographed the internationally renowned dance company Pilobolus, which bills itself as "test[ing] the limits of human physicality, exploring the power of connected bodies."

13. As part of the shoot, Schatz and Ornstein created a photograph of four

dancers intertwined ("Pilobolus Photograph").

14. A true and correct copy of the Pilobolus Photograph is attached hereto as Exhibit A.

15. Schatz and Ornstein first published the Pilobolus Photograph in their 1997 photography book "PASSION & LINE."

16. In 2001, Schatz and Ornstein registered the photographs in "PASSION & LINE, including the Pilobolus Photograph, with the United States Copyright Office certificate VA 1-114-679.

17. In addition to appearing in PASSION & LINE, Schatz and Ornstein have licensed the Pilobolus Photograph for other uses, including for editorial use.

***The ASC Operates The Subscription Publication American Cinematographer***

18. The American Society of Cinematographers ("ASC") is an organization whose purpose is to advance the interests of its members, who are professional film cinematographers and special effects supervisors.

19. The ASC publishes the magazine *American Cinematographer,* which is available on a paid subscription basis.

20. *American Cinematographer* is available both in print and online at the website www.ascmag.com, which is owned and operated by the ASC.

21. The ASC also sells various merchandise through www.ascmag.com, including clothing, books, photo prints, and professional equipment.

22. One of the ASC's most prominent members is John Bailey. Baily has work on numerous critically acclaimed films such as American Gigolo, The Accidental Tourist, and Groundhog Day.

23. Baily received the ASC Lifetime Achievement Award in 2015, and from 2017 to 2019 Baily served as president of the Academy of Motion Picture Arts and Sciences.

24. Since 2009, Baily has contributed to www.ascmag.com with the permission of the ASC to the ongoing blog titled "John's Bailiwick."

### *The ASC Infringes The Pilobolus Photograph*

25. On or about May 2020, Schatz and Ornstein discovered that the Pilobolus Photograph was being used on www.ascmag.com in an article on the "John's Bailiwick" blog titled "Pilobolus: From Jock Goof-Offs to the Oscars, and Beyond" ("ASC Article").

26. The ASC Article was authored by Baily.

27. Counterclaim Plaintiffs are informed and believe that the individual identified as DOE 1 downloaded a copy of the Pilobolus Photograph from the Internet without permission or purchasing a license from Schatz and Ornstein and caused it to be uploaded with the ASC Article on www.ascmag.com.

28. A true and correct copy of the ASC Article is attached hereto as Exhibit B.

29. Prior to discovering the use of the Pilobolus Photograph in the ASC Article, neither Schatz nor Ornstein had ever heard of or visited the website www.ascmag.com.

30. The ASC article included Baily's review of Pilobolus, including its formation, history, and unique approach to dance, and critical reviews and commentary about Pilobolus.

31. The review included the fact that Pilobolus' performances include multiple intertwined dancers "combining bodies" and, to explain that visually, the review included two photographs, one of which included the Pilobolus Photograph, in pose as a means to illustrate this "combining" technique.

32. The ASC Article reproduced the Pilobolus Photograph in its entirety.

33. Although the ASC Article generally discussed Pilobolus' "combining bodies" technique, the ASC article does not directly discuss, comment on, or criticize the Pilobolus Photograph itself.

34. The bottom of the ASC Article contained an advertisement for both the print and digital version of *American Cinematographer* encouraging readers of

the ASC Article to "Subscribe Today."

35. On or about August 3, 2020, Higbee & Associates, counsel for Schatz and Ornstein, send correspondence to the ASC concerning the unauthorized use of the Pilobolus Photograph on www.ascmag.com.

36. After brief email correspondence on or about August 25, 2020, attorney Greg S. Bernstein sent a letter to Higbee & Associates on behalf of the ASC stating, in part, that ASC believed the use of the Pilobolus Photograph to be a non-infringing fair use.

37. Attached hereto as Exhibit C is a true and correct copy of the letter sent from Bernstein to Higbee & Associates.

38. On or about August 28, 2020, Attorney Ted Sell from Higbee & Associates responded to Attorney Bernstein citing case law[2] explaining that the use of a photograph for the sole purpose of illustrating an editorial article is not a fair use.

39. Attached hereto as Exhibit D is a true and correct copy of the email from Attorney Sell to Attorney Bernstein.

40. After a brief email exchange where in Attorney Bernstein indicated that the ASC would likely be retaining new counsel, on September 21, 2020, the ASC filed the instant lawsuit seeking a declaratory judgment of non-infringement.

41. As of the date of this Counterclaim, a copy of the Pilobolus Photograph still resides on the server of the ASC Internet website and is publicly accessible.

42. Attached hereto as Exhibit E is a true and correct timestamped screenshot of the Pilobolus Photograph on the server of the ASC's Internet website. *See also* https://bit.ly/36LGkby.

///

---

[2] The case to which Attorney Sell cited is *BWP Media USA, Inc. v. Gossip Cop Media, Inc.* 196 F.Supp. 3d 395, 407 (S.D.N.Y. 2016).

# FIRST CAUSE OF ACTION
# COPYRIGHT INFRINGEMENT
# 17 U.S.C. § 101 *et seq.*

43. Counterclaim Plaintiffs incorporates by reference all of the above paragraphs of this Counterclaim as though fully stated herein.

44. Counterclaim Plaintiffs did not consent to, authorize, permit, or allow in any manner the said use of Counterclaim Plaintiffs' unique and original Pilobolus Photograph.

45. Counterclaim Plaintiffs are informed and believe and thereon allege that the Counterclaim Defendant willfully infringed upon Counterclaim Plaintiff's copyrighted Pilobolus Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Pilobolus Photograph of the Counterclaim Plaintiffs without Counterclaim Plaintiffs' consent or authority.

46. As a result of Counterclaim Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

47. As a result of the Counterclaim Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505.

48. Counterclaim Plaintiffs are also entitled to injunctive relief to prevent or restrain infringement of their copyrights pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim Plaintiffs pray for judgment against Counterclaim Defendant as follows:

1. For an award of actual damages and disgorgement of all of Counterclaim Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Counterclaim Plaintiffs' election, an award for statutory damages against

Defendants in an amount up to $150,000 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

2. For an injunction preventing Defendants from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

3. For costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

4. For prejudgment interest as permitted by law; and

5. For any other relief the Court deems just and proper.

DATED: November 20, 2020                Respectfully submitted,

/s/ *Mathew K. Higbee*
Mathew K. Higbee, Esq.,
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8336
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com

# PROOF OF SERVICE

I, the undersigned, say:

I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On November 20, 2020 I caused to be served the foregoing documents:

**ANSWER AND COUNTERCLAIM**

X   I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Central District of California using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

Peter J Anderson   peteranderson@dwt.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 20, 2020 at Santa Ana, California.

*/s/ Mathew K. Higbee*
Mathew K. Higbee